UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

    Petitioner,

v.                                          Case No. 1:22-cv-327-AW/MJF

STATE OF FLORIDA and ALACHUA
COUNTY SHERIFF'S OFFICE,

    Respondents.
_____/

**REPORT AND RECOMMENDATION**

    Petitioner James Lee Ballard is a Florida pretrial detainee incarcerated at the Alachua County Jail. The State of Florida has charged Ballard with three felony crimes against a victim who is younger than twelve years of age—(1) lewd and lascivious behavior, (2) sexual battery, and (3) molestation. *State of Florida v. James Lee Ballard*, Case No. 01-2018-CF-001513A. On November 28, 2022, Ballard filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Doc. 1. Because Ballard's state criminal prosecution is ongoing and the *Younger v. Harris* abstention

---

[1] On May 12, 2022, Ballard filed a section 2241 habeas petition in the United States District Court for the Northern District of Florida, in which he also raised the same challenges to his state criminal prosecution. *Ballard v. State of Florida*, No. 1:22-cv-106-AW-HTC, ECF No. 1, Petition (N.D. Fla. May 12, 2022). This habeas petition was dismissed because Ballard failed to exhaust his state remedies. *Id.*, ECF No. 20, Order Adopting Report and Recommendation (N.D. Fla. Sept. 19, 2022).

Page 1 of 10

doctrine applies, the undersigned respectfully recommends that the District Court dismiss Ballard's petition for writ of habeas corpus.

## I. BACKGROUND

**A.     Ballard's Original Petition for Writ of Habeas Corpus**

On November 28, 2022, Ballard filed his initial petition for a writ of habeas corpus. In the petition, Ballard asserted that investigators did not include all exculpatory evidence in their "investigative reports" and that the inclusion of this exculpatory evidence would negate probable cause. Doc. 1 at 4. He requested that the District Court grant his habeas petition, order the State to immediately release him from custody, and dismiss his state criminal charges. Because Ballard failed to use the appropriate court form, the undersigned ordered Ballard to file an amended petition on the court-approved form.

**B.     Ballard's Amended Petition for Writ of Habeas Corpus**

On December 27, 2022, Ballard filed his amended petition for a writ of habeas corpus. Doc. 6. Question 7 of the habeas petition form states: "In the spaces below, set forth every ground which supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. . . . You may attach additional pages if necessary to raise additional grounds or provide additional facts." *Id.* at 3.

Instead of answering the question as directed, Ballard directed the District Court to examine documents he already had filed. *Id.* at 2–5. Presumably, Ballard is referring to the documents he labeled as "Mandamus" and "Certiorari," which are discussed below.

C. **Ballard's "Mandamus" and "Certiorari"**

On December 8, 2022, Ballard filed two documents. One he labels as "Mandamus." Doc. 4. The other is a two-page document that he labels as "Certiorari."[2] Doc. 5 at 1–2. The undersigned summarizes these below because it is in these documents that Ballard lists his grievances regarding his Florida criminal case.

In the "Mandamus" document, Ballard asserts that he has been "accused, arrested, charged, and incarcerated based solely upon falsified [affidavits] and a fraudulent probable cause statement." Doc. 4 at 1. He also asserts that his right to due process has been violated because his counsel has been ineffective, and he argues that the State has violated the Speedy Trial Act. *Id.* at 2. Ballard alleges that

---

[2] If Ballard intended the documents he labeled as "Mandamus" and "Certiorari" to be filed as new cases in the United States District Court for the Northern District of Florida, they would have to be denied without prejudice because the District Court lacks jurisdiction over the claims set forth in the motions. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (noting that "§ 1257, as long interpreted, vests authority to review a state court's judgment solely in [the Supreme] Court"); *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781, 781 (11th Cir. 2008); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973).

he has suffered irreparable damages because the prosecution is ongoing. *Id.* at 1, 4. Ballard asserts that he has raised many of his claims in motions before the state court, but that the state court has not ruled in his favor. He requests that the District Court "discharge" Florida's criminal prosecution of Ballard.

In his "Certiorari" document, Ballard requests that the District Court order the state court to grant Ballard's unspecified "motions" and that the District Court "quash" the state criminal proceedings. Ballard offers no basis or support for the requested relief.

## II. DISCUSSION

Ballard's petition for a writ of habeas corpus must be dismissed based on *Younger* abstention principles. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that federal courts should not enjoin a pending state criminal proceeding unless an injunction is necessary to prevent great and immediate irreparable injury. *Id.* at 53–54. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45.

The Supreme Court's *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44 ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."); *Green v. Jefferson*

*Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009). The *Younger* Court noted that abstention was necessary to afford "proper respect for state functions" and legitimate state interests. *Younger*, 401 U.S. at 44. By "abstaining from exercise of their jurisdiction, the federal courts promote the value of comity between the states and the federal government and avoid unnecessary determinations of federal constitutional questions." *Liedel v. Juv. Ct. of Madison Cnty.*, 891 F.2d 1542, 1546 (11th Cir. 1990); *First Ala. Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1483 (11th Cir. 1987).

Thus, under *Younger*, a district court should abstain from adjudicating claims when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise constitutional issues." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022); *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). There are three narrow exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson*, 32 F.4th at 1099.

Generally, the *Younger* analysis is conducted in three steps. First, courts consider whether a qualifying state-court proceeding is pending. *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1267–68 (11th Cir. 2019). If so, courts then

consider whether it is appropriate to abstain under the factors set forth in *Middlesex County*. *Id.* at 1268. If abstention appears to be appropriate, then courts must determine whether any exception to *Younger* applies. *Middlesex*, 457 U.S. at 435; *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975).

### A.   There Is an Ongoing Qualifying State Proceeding

Ballard concedes that Florida currently is prosecuting him for three felony charges: (1) lewd and lascivious behavior, (2) sexual battery, and (3) molestation. Doc. 6 at 2; *State of Florida v. James Lee Ballard*, Case No. 01-2018-CF-001513A. Accordingly, this first criterion for *Younger* abstention is satisfied.

### B.   The *Middlesex* Factors Weigh in Favor of Abstention

At the second step of the *Younger* analysis the District Court must consider whether: (1) the federal action would interfere with ongoing qualifying state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims. *Tokyo Gwinnett, LLC*, 940 F.3d at 1267–68.

First, "[i]n order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger*

abstention to be required." 31 *Foster Child. v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).

In this case, Ballard requests that the District Court "quash" and dismiss the state criminal proceedings. Such relief necessarily would "interfere" with the ongoing state criminal proceedings against Ballard. Thus, the first *Middlesex* factor weighs in favor of abstention.

Second, these state proceedings implicate an important state interest insofar as they are criminal in nature. *Younger*, 401 U.S. at 41–44. The adjudication of criminal cases—which is a facet of crime prevention—is an important state interest, particularly when there are victims involved. *Calderon* v. *Thompson*, 523 U.S. 538, 556 (1998); *United States v. Salerno*, 481 U.S. 739, 750 (1987). "[P]reventing and dealing with crime is much more the business of the States than it is of the Federal Government . . . ." *Patterson v. New York*, 432 U.S. 197, 201 (1977). The "State has a strong sovereign interest in ensuring public safety and criminal justice within its territory, and in protecting all crime victims. . . . The State also has a strong interest in ensuring that criminal offenders . . . are appropriately punished and do not harm others in the State." *Oklahoma v. Castro-Huerta*, 597 U.S. ___, 142 S. Ct. 2486, 2501–02 (2022). Furthermore, the State has a compelling interest in protecting minors, including through the prosecution of crimes committed against children. *See*

*New York v. Ferber*, 458 U.S. 747, 756–57 (1982). Thus, the second *Middlesex* factor also weighs in favor of abstention.

Third, the underlying state criminal proceeding affords Ballard an adequate opportunity to raise his claims. *Johnson*, 32 F.4th at 1100; *Johnson v. State*, 135 So. 3d 1002, 1012–13 (Fla. 2014); *Johnson v. State*, 321 So. 3d 853, 855 (Fla. 1st DCA 2021); *Edwards v. State*, 128 So. 3d 134, 136 (Fla. 1st DCA 2013); *cf. Johnson v. State*, 660 So. 2d 648, 656 (Fla. 1995). Also, nothing in Ballard's filings suggest that Ballard is procedurally barred from raising his claims at later steps of the criminal prosecution. *Johnson*, 32 F.4th at 1101 (citing *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996)). Thus, the third *Middlesex* factor also weighs in favor of abstention.

**C.     No Exceptions to Younger Are Applicable to This Case**

Ballard has not alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. Furthermore, the mere "cost, anxiety, and inconvenience of having to defend against a single prosecution alone do not constitute 'irreparable injury'" warranting federal interference in the state criminal proceedings. *Kugler*, 421 U.S. at 124. Additionally, the fact that the State purportedly violated Ballard's right to a speedy trial is not an extraordinary circumstance warranting federal court intervention. *Johnson*, 32 F.4th at 1099.

Ballard does not allege—much less present any reasonable basis to conclude—that the Florida courts are "incapable of fairly and fully adjudicating the federal issues before it." *Kugler*, 421 U.S. at 124. As noted above, if Ballard is convicted, he can raise his constitutional arguments in an appeal of his conviction. *Johnson*, 32 F.4th at 1100; *see Pitchess v. Davis*, 421 U.S. 482, 488 (1975); *Crockett v. State*, 206 So. 3d 742, 744 (Fla. 1st DCA 2016); *Brown v. State*, 843 So. 2d 328, 330 (Fla. 1st DCA 2003). Finally, Ballard offers no facts to suggest that the state law to be applied in his criminal proceeding "flagrantly and patently" violates express constitutional prohibitions. *Kugler*, 421 U.S. at 124.

Accordingly, the relevant factors all indicate that the District Court should abstain from addressing Ballard's petition for a writ of habeas corpus until Florida's criminal prosecution of Ballard has terminated.

### III. CONCLUSION

Pursuant to *Younger v. Harris*, the District Court should abstain from adjudicating Ballard's claims and enjoining the state criminal prosecution. Accordingly, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice Ballard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241; and

2. **DIRECT** the clerk of the court to terminate all pending motions and close the case file.

At Pensacola, Florida, this <u>2nd</u> day of February, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**